PER CURIAM.
Modesto Rodriquez appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse as to one of the two claims for ineffective assistance of counsel raised in appellant’s motion.
A jury convicted appellant of capital sexual battery. After this court affirmed his conviction and life sentence, he filed a motion for postconviction relief primarily alleging ineffective assistance of counsel. This court per curiam affirmed the summary denial of that motion on May 31, 1991. Rodriquez v. State, 580 So.2d 760 (Fla. 2d DCA 1991). Appellant subsequently filed another motion for postconviction relief, which is the subject of this appeal.
According to the second motion, appellant learned for the first time on June 1, 1991, from his son that the victim, his granddaughter, had given a taped statement admitting appellant’s innocence. He claims his defense counsel was ineffective for failing to disclose the existence of the tape and for failing to use the statement at trial in view of the fact that his defense counsel had possession of the statement at the time of trial.
The trial court ordered the state to file an answer to the motion. The answer denied any knowledge on the part of the state of a taped statement in which the victim admitted her grandfather’s innocence. The state attached to its answer transcripts of three different depositions taken of the victim, none of which contained a denial that appellant committed the acts. The trial court summarily denied the motion without attachments, finding that the state did not knowingly use perjured testimony in securing the conviction.
Nothing in the record before us establishes that appellant’s counsel did not know or possess the alleged taped statement at the time of trial. We therefore must assume as true the allegation that his counsel had knowledge of the statement and failed to use it to discredit the victim’s testimony at trial. These unrefuted allegations make a prima facie showing that a reasonable probability exists that the outcome of appellant’s trial would have been different if the taped statement had been presented at trial.
Accordingly, we reverse the summary denial of the allegation regarding counsel’s failure to use the taped statement and remand the case. We affirm, however, the summary denial of the other ground regarding ineffective assistance raised in appellant’s motion. On remand, the trial court must either attach portions of the files and record conclusively showing the appellant is entitled to no relief or conduct an evidentiary hearing. At any hearing, appellant must demonstrate that his counsel knew of the evidence at the time of trial and that the evidence, if adduced at trial, would have satisfied the essential two-prong test of Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days.
Affirmed in part, reversed in part, and remanded with directions.
SCHOONOVER, C.J., and DANAHY and PATTERSON, JJ., concur.